UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZURIAN ARISTOTLE BENNETT II,
Reg. No. 73781-083

                        Petitioner,

      -against-

DUKE TERRELL, Warden, MDC Brooklyn,

                        Respondent.
------------------------------------------------------------x

MEMORANDUM & ORDER

10-CV-1029 (ENV) (LB)

**VITALIANO, D.J.**

On October 10, 2009, after pleading guilty to maintaining a drug involved premises in violation of 18 U.S.C. § 21(A)(2), *pro se* petitioner Zurian Aristotle Bennett II was sentenced in the Eastern District of Virginia to 24 months imprisonment. Although petitioner claims that he "meets the qualifications and was designated [by the Virginia sentencing court] to a camp status," he is currently incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, which he alleges is "designed as a maximum security facility." He therefore petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking a transfer to "a safer and less restrictive place of imprisonment according to 18 U.S.C. § 3621(b)," such as a "camp" facility which would allow for greater access to recreation and programs.

## Discussion

A petition challenging the manner of execution of an inmate's sentence is properly brought pursuant to 28 U.S.C. § 2241. Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Challenges to the execution of a sentence typically include matters such as "prison transfers, type of detention

and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); see Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991).

However, it is well settled that a prisoner has no constitutional right to serve a sentence in any particular institution or to be transferred (or not transferred) from one facility to another. Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). The Attorney General and the Bureau of Prisons ("BOP") have exclusive authority to designate the place of confinement for federal prisoners. 18 U.S.C. §§ 3621, 4082. In fact, the BOP's discretion in making prisoner classification decisions is "virtually unfettered." Hudson v. Lindsay, No. 08-CV-4658, 2008 WL 4998395, at *1 (E.D.N.Y. Nov. 19, 2008) (quoting Gissendanner v. Menifee, 975 F. Supp. 249, 251 (W.D.N.Y. 1997)) (citation omitted). Therefore, the Court "has no authority to order that a convicted defendant be confined in a particular facility ... those decisions are within the sole discretion of the Bureau of Prisons."[1] United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995). The current petition must fail.

That the Virginia sentencing court may have "granted designation to a camp facility" does not alter the Court's conclusion that it is without authority to grant relief. Although the BOP must consider various factors in determining an "appropriate" facility, including "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility", 18 U.S.C. § 1361(b)(4), on this point "the district judge's views are not controlling." United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997). At most, if petitioner were able to demonstrate that that the BOP failed to consider the § 1361(b) factors and instead applied an invalid regulation in reaching its determination, the Court could "order the agency to make a new determination in compliance with 18 U.S.C. § 3621." Pedreira v. Lindsay, 08-CV-

---

[1] For the same reasons, petitioner's claim that his sentence should be reduced from 24 months to 12 months due to the "harsh conditions" at MDC that "do not meet the standards of a camp" also fails.

2304, 2008 U.S. Dist. LEXIS 77736, at *6-*7 (E.D.N.Y. Sept. 8, 2008); see, e.g., Levine v. Apker, 455 F.3d 71, 87 (2d Cir. 2006) (ordering the BOP to consider the § 3621(b) factors "without reference to [invalid regulation] 28 C.F.R. § 570.21"); Pimentel v. Gonzales, 367 F. Supp. 2d 365, 376 (E.D.N.Y. 2005) (ordering BOP to "consider the appropriateness of transferring the petitioner . . . in light of the [§ 3621(b)] factors . . . without reference to the . . . [invalid] amendment to 28 C.F.R. § 570.21"). Here, petitioner cannot establish that the BOP failed to consider the proper factors or applied any invalid regulation.[2]

## Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 19, 2010

ERIC N. VITALIANO
United States District Judge

---

[2] Moreover, even if reconsideration was appropriate, the Court would require that petitioner exhaust his administrative remedies. Petitioner's argument that exhaustion would be futile is unavailing. See Snyder v. Angelini, 07-CV-3073, 2008 U.S. Dist. LEXIS 86460, at *6-*7 (E.D.N.Y. Oct. 27, 2008) (requiring exhaustion because even though "administrative remedies might be deemed futile if Petitioner could demonstrate that the BOP were as a general rule ignoring its own policies, Petitioner has not so demonstrated").